UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HERBERT J. JACOB, JR., ET AL.** | **CIVIL ACTION NO: 23-7414** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **LOUISIANA INSURANCE GUARANTY ASSOCIATION, ET AL.** | **MAGISTRATE JUDGE EVA J. DOSSIER** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiffs Margaret R. Jacob, Richard E. Jacob, individually and as the executor and personal representative of the Estate of Herbert J. Jacob, Jr., Deana M. Jacob, Verlinde M. Jacob, and Roxanne J. Bates (collectively, "Plaintiffs"). R. Doc. 11. Defendant General Electric Co. ("GE") opposes the motion. R. Doc. 18. For the reasons assigned below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

This case arises out of Herbert J. Jacob Jr.'s ("Mr. Jacob") alleged exposure to asbestos, which ultimately developed into mesothelioma. R. Doc. 1-1. Plaintiffs allege that between 1954 and 1999, Mr. Jacob worked in various positions for various companies, and Plaintiffs contend that it was through this work that Mr. Jacob was exposed to asbestos. *Id.* at ¶ 4. Following his diagnosis of mesothelioma in 2021, Mr. Jacob filed suit in Orleans Parish's Civil District Court on September 21, 2021. *Id.*; R. Doc. 1 at ¶ 1. Thereafter, Mr. Jacob died, and Plaintiffs filed an Amended Petition substituting themselves as plaintiffs. R. Doc. 1-2.

On December 29, 2023, GE removed to this Court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). On January 22, 2024, Plaintiffs filed this Motion to Remand on the basis that GE's removal was untimely. R. Doc. 11. The parties briefed the timeliness issue, and Plaintiffs challenged subject matter jurisdiction for the first time in their reply brief. R. Doc.

19. Given the timing of Plaintiffs' subject matter jurisdiction challenge and cognizant of the Court's independent duty to assess subject matter jurisdiction, the Court ordered supplemental briefing on the issue.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove a state court action to a federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party must demonstrate the existence of federal jurisdiction, and if it fails to do so, remand is appropriate. *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *B&P Rest. Grp., LLC v. Eagan Ins. Agency, LLC*, 538 F.Supp.3d 632, 637 (E.D. La. May 10, 2021) ("Remand to state court is appropriate if the federal court lacks subject-matter jurisdiction."). A motion to remand based on lack of subject matter jurisdiction may be brought at any time. *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991).

A case may also be remanded due to a defect in removal procedure. The Fifth Circuit defines a procedural defect as "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Id.* Procedural defects include a defendant's failure to timely remove. *F.D.I.C. v. Loyd*, 955 F.2d 316, 320-21 (5th Cir. 1992) (quoting 28 U.S.C. § 1447(c)). Unlike a motion to remand for lack of subject matter jurisdiction, which can be raised at any time, a motion to remand based on a procedural defect must be raised within thirty days of the filing of a notice of removal. *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991), *cert denied,* 502 U.S. 1049, 112 S.Ct. 914 (1992).

**ANALYSIS**

The basis of Plaintiffs' motion to remand is two-fold.  First, Plaintiffs argue that GE's removal, which occurred more than two years after service of Plaintiffs' Petition, is untimely and that this case must therefore be remanded.  Second, Plaintiffs insist that this Court lacks subject matter jurisdiction.  The basis of Plaintiffs' jurisdictional attack is the Eleventh Circuit Court of Appeals's recent decision in *State v. Meadows*, which held that Section 1442 does not permit removal by former federal officers.  88 F.4th 1331 (11th Cir. 2023).

In response, GE argues Plaintiffs' Petition is completely devoid of anything suggesting this case was removable under Section 1442 and, thus, the Petition did not trigger the removal clock.  GE instead insists the first indication of removability came on December 6, 2023, when Plaintiffs noticed a corporate deposition that included topics regarding "any asbestos-containing product . . . designed, manufactured, distributed, and/or sold by" GE for use on two Navy vessels on which Mr. Jacob served while in the United States Navy.  R. Doc. 18 at 4.  GE argues that it removed this case on December 29, 2023, within thirty days of receiving Plaintiffs' deposition notice, and removal was therefore timely.  In its supplemental brief, GE goes on to reject Plaintiffs' subject matter jurisdiction attack, arguing that *Meadows*, a non-binding Eleventh Circuit decision, is fundamentally flawed and must be rejected because it contradicts binding Fifth Circuit precedent. The Court turns first to Plaintiffs' jurisdictional challenge.

I.   *Whether this Court Has Subject Matter Jurisdiction*

Section 1442 permits a defendant to remove criminal or civil matters brought against "any officer (or any person acting under that officer) of the United States . . . in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).  To remove under Section 1442, a defendant must show that: "(1) it is a 'person' within the meaning of the

statute, (2) it has acted pursuant to a federal officer's directions, (3) it has asserted a colorable federal defense, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).

Plaintiffs do not contest that GE has met its burden in showing these elements and argues instead that the *Meadows* decision imposes an additional requirement that a defendant must *currently* be acting under a federal officer to reap the benefits of Section 1442. The Court disagrees. As an initial matter, and as Judge Fallon recently explained while addressing this exact issue, the *Meadows* decision discussed only *former federal officers*. *Ditcharo v. Union Pac. R.R. Co.*, No. 23-CV-7399, 2024 WL 1433652, at *2 (E.D. La. Apr. 3, 2024). The *Meadows* Court "did not comment on conduct of individuals who *formerly acted* under federal officers," which is the factual scenario relevant to this case. *Id.* Moreover, the Fifth Circuit has previously considered the parameters of Section 1442 in *Latiolais v. Huntington Ingalls, Inc.* in an attempt to "strip away the confusion" surrounding the statute and did limit the availability of the statute in the way Plaintiffs urge the Court to limit it here. *See* 951 F.3d at 296 (finding Huntington Ingalls, Inc., which formerly acted under the Navy, properly removed under Section 1442). Indeed, the Court acknowledges *Latiolais* did not specifically address the question of whether a defendant seeking to remove under Section 1442 must presently be working under a federal officer. The Court is nevertheless unwilling to read into the Fifth Circuit's analysis an additional requirement based on a non-binding decision involving different facts from those at issue in the present case. The Court therefore finds GE's ability to remove under Section 1442 does not hinge on its acting under a federal officer at the time of removal and rejects Plaintiffs' subject matter jurisdiction challenge on this basis. *See Ditcharo*, 2024 WL 1433652, at *2 (holding same). Because Plaintiffs do not

4

make any additional substantive challenge to GE's removal under Section 1442, the Court now turns to the question of whether GE's removal was timely.

## II. Whether GE's Removal Was Timely

Generally, a notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "However, if the case is not removable based on the initial pleading, 'a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable.'" *Sampey*, No. 20-CV-2779, 2020 WL 7138034, at *2 (E.D. La. Dec. 7, 2020) (quoting 28 U.S.C. § 1446(b)(3)). "The information supporting removal . . . must be unequivocally clear and certain to start the time limit running." *Id.* (quoting *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608-09 (5th Cir. 2018)) (internal quotations omitted). Moreover, "the trigger must be the result of a voluntary act by the plaintiff; the defendant's knowledge and actions cannot trigger the thirty-day clock." *Ragusa v. La. Ins. Guar. Ass'n*, 573 F.Supp.3d 1046, 1052 (E.D. La. 2021) (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996)). In other words, "the thirty days do not start to run if the defendant need[s] to do independent research to ascertain the necessary facts, nor does a defendant's subjective knowledge trigger the clock." *Id.* (citing *S.W.S. Erectors*, 72 F.3d at 494).

In this case, GE could not have removed based on the Petitions because neither Petition alleged facts that connect the Government to Mr. Jacob's alleged asbestos exposure. "Specifically, neither [Petition] affirmatively names asbestos exposure due to any federal vessels, federal employees, or other details that would make the case removable under the Federal Officer Removal

Statute." *Ragusa*, 573 F.Supp.3d at 1052; *see Morgan*, 879 F.3d at 605.  The question therefore becomes at what point GE received an "other paper" indicating that the case was or had become removable.  *Morgan*, 879 F.3d at 607 (quoting 28 U.S.C. § 1446(b)(3)).

Plaintiffs argue GE received three "other papers" from which it could have gleaned, prior to receiving Plaintiffs' deposition notice, that Plaintiffs' claims involved allegations that Mr. Jacob was exposed to asbestos during his time in the Navy: (1) Mr. Jacob's social security earnings, which included earnings from the United States Navy in 1957 and 1958; (2) Mr. Jacob's personnel and medical files, including a DD 214 military record showing Mr. Jacob served in the Navy; and (3) Plaintiffs' discovery responses indicating Mr. Jacob's service.

Despite Plaintiffs' insistence to the contrary, none of these "other papers" triggered the thirty-day removal clock.  Critically, Mr. Jacob's DD 214 did not make this case removal because the DD 214 was produced by Chevron USA, Inc., a co-defendant in this case and not by a voluntary act of Plaintiffs.  *See LeBeau v. Huntington Ingalls, Inc.*, No. 22-CV-3557, 2023 WL 166830, at *7 (E.D. La. Jan. 12, 2023) (citing *S.W.S. Erectors*, 72 F.3d at 494) ("[Defendant's] production of . . . employment records did not trigger the removal clock.  Only Plaintiffs' voluntary act could trigger the removal clock."); *Parish of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 373 (5th Cir. 2021) (cleaned up) ("More problematically for the [defendant] parishes, an 'other paper' must result from the voluntary act of the plaintiff.  Thus, the companies' own discovery responses in this case cannot serve as 'an other' paper that started the removal clock.").  Therefore, Mr. Jacob's DD 214 did not trigger the removal clock.[1]

---

[1] Even if these records could trigger the removal clock, this evidence only shows Mr. Jacob was in the United States Navy.  It does not make clear, or even indicate, that Plaintiffs' allegations of asbestos exposure relate to Mr. Jacob's service in the Navy.

Nor do Mr. Jacob's social security earnings statements start the clock on removal. Even assuming this evidence was produced by Plaintiffs,[2] it does not show that Plaintiffs were asserting claims against GE based on Mr. Jacob's alleged exposure during his service in the Navy. Plaintiffs note that Mr. Jacob's earning statements indicate he was on active duty between 1954 and 1958 and the Petition alleges asbestos exposure from 1954 through 1999, and argue that together, this information showed Plaintiffs sought to allege that Mr. Jacob was exposed to asbestos in the Navy. But the Petition alleges that Mr. Jacob was exposed to asbestos from 1954 to 1999 through Mr. Jacob's other jobs. Specifically, the Petition alleges:

> At various times from approximately 1954 through 1999, Herbert Jacob worked on the following premises where he was exposed to asbestos: Shell Oil Company ("Shell"); Murphy Oil USA, Inc. ("Murphy Oil"); Texaco Inc. ("Texaco"); Chevron USA, Inc. (f/k/a Gulf Oil Corporation) ("Gulf Oil"); and El Paso Energy E.S.T. Company (as trustee for the EPEC Oil Company Liquidating Trust (as legal entity liable for Tenneco Oil Company)) ("Tenneco").

R. Doc. 1-1 at ¶ 46. Thus, Plaintiffs' Petition actually implies that the alleged asbestos exposure between 1954 and 1958 was based on Mr. Jacob's work *outside* of the military. Simply, while GE may have had knowledge of Mr. Jacob's military service and the years of his service, there was no clear and unequivocal indication that Plaintiffs' allegations of exposure related to this service. Therefore, Mr. Jacob's social security earnings statements did not clearly indicate the availability of federal officer jurisdiction.

Finally, Plaintiffs' discovery responses did not trigger the removal period. Indeed, a plaintiff's discovery responses can, under the appropriate circumstances, trigger the thirty-day removal clock. But in this case, Plaintiffs' discovery responses do not include information from

---

[2] GE alleges "Plaintiffs' counsel sent correspondence to Magnolia Legal Support requesting certain documents, including Mr. Jacob's SSER, be deposited. All counsel were informed by copy of that correspondence that the deposited records could be obtained by contacting Magnolia. The documents obtained from Magnolia, for which GE received and paid an invoice, included Mr. Jacob's SSER with earnings reported for the 'United States Navy' in 1957 and 1958."

7

which GE could have necessarily inferred that this case was removable. The relevant discovery response merely states "[Mr.] Jacob served in the US Navy." R. Doc. 11-8 at 2. The discovery responses did not include allegations that Mr. Jacob was exposed to asbestos during his time in the Navy or any other indication that Plaintiffs were alleging exposure from this work and therefore did not indicate this case was removable pursuant to Section 1442.

The Court does not pretend one could not necessarily have guessed, based on the facts of this case that federal officer jurisdiction may exist. "However, suspicion is not enough to start the removal clock, and a plaintiff cannot avoid a later removal by sidestepping the formulation of a clear allegation or identification that a federal vessel is the claimed source of the asbestos exposure at issue." *Labarre v. Bienville Auto Parts, Inc.*, No. 21-CV-89, 2021 WL 1050200, at *5 (E.D. La. Mar. 19, 2021). Prior to Plaintiffs' notice of the corporate deposition, it was neither clear nor unequivocable that Plaintiffs sought to bring claims based on Mr. Jacob's alleged exposure to asbestos during his service in the Navy. This intent became clear on December 6, 2023, and GE removed to this Court on December 29, 2023, less than thirty days later. Accordingly, GE's removal was timely, and Plaintiffs' motion to remand on this basis is denied.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Remand (R. Doc. 11) is **DENIED**.

New Orleans, Louisiana, this 24th day of June 2024.

*/s/ Darrel James Papillion*
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**